IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Travelers Casualty and Surety Company,** <br> **Plaintiff** <br><br> v. <br><br> **Falkowski et al.,** <br> **Defendants** | **CIVIL ACTION** <br><br> **NO. 15-6737** |

**MEMORANDUM RE: DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE**

## I.  Introduction

Defendant has moved to take judicial notice of the criminal Information filed against him in a prior criminal case involving a fraud scheme. Plaintiff opposed the Motion. For the reasons below, the Court will deny the Motion.

## II.  Factual Background

Plaintiff filed this case in relation to the federal prosecution of James Falkowski and Eric Waraftig. (See First Am. Compl., ECF 27). Both individuals were convicted of conspiracy and wire fraud orchestrated against Mr. Falkowski's former employer, QVC. (Id. at 10, ¶¶ 63, 65). Plaintiff QVC alleged it had obtained additional information to support viable civil claims against Mr. Waraftig for his role in the fraud that he and Mr. Falkowski orchestrated against QVC. (Id. at 1–2). In March 2019, this Court granted Plaintiff's Motion to Substitute Travelers Casualty and Surety Company for QVC as Plaintiff in this case. (Order, ECF 33.) The First Amended Complaint brings claims for fraud, aiding and abetting breach of fiduciary duty, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), and civil conspiracy against Defendant Waraftig. (First Am. Compl. at 12–20.)

### III.   Parties' Arguments

Defendant Waraftig appears pro se.  He moves the Court to take judicial notice of the allegations in the Information (ECF 1) dated August 21, 2017 in his prior criminal case, United States v. Waraftig (17-cr-440).

Defendant argues that the Information filed against him indicates that all conduct alleged in Plaintiff's Amended Complaint were known to the Plaintiff on or before the filing of the Information. (Motion to Take Judicial Notice 1, ECF 80.)  Therefore, he argues, it is now unreasonable for Plaintiff to allege as unknown facts and evidence reasonably available on or before the date of the Information in the criminal investigation. (Id.)

Defendant contends that the Information contains facts that are undisputed and accurately descriptive of the allegations made by the government in the criminal case against him. (Id.) Specifically, Defendant identifies facts that describe his participation in the alleged scheme to defraud QVC by directing his employer, The Steinberg Group, to generate fraudulent invoices. (Id. at 2–3.) Moreover, Defendant contends that QVC must have had knowledge of these facts because it had to provide a loss figure during the government's investigation. (Id. at 3.)

Defendant explains that he does not maintain any of the facts within the Complaint are true. (Id. at 6.)  Rather, he presses that the facts as alleged by the government demonstrate knowledge on the part of QVC which would bar its claims due to the applicable states of limitations for each count in the Amended Complaint. (Id.)

Defendant argues that the Court must take judicial notice because the facts in the Information are "well-documented by credible sources"—the United States Attorney's Office and this Court—"whose accuracy cannot reasonably be questioned." (Id. at 4–5.)  Defendant adds that because the criminal matter is concluded, Plaintiff cannot object that the filing under seal prevents the Court from

taking judicial notice of it. (Id.) And, he notes that a Court may take judicial notice of matters on its own docket. (Id. at 7.)

Plaintiff Travelers responds in opposition (ECF 86.) Plaintiff argues that Defendant, beyond merely moving the Court to take judicial notice of the Information, asks the Court to draw inferences from the Information about what QVC knew or should have known about Defendant's criminal conduct. (Resp. in Opp'n 1, ECF 86.) Plaintiff points out that Defendant denies the truth of the statements yet expects the court "to rely on them in drawing conclusions on collateral issues which are vigorously denied by Travelers." (Id.) Plaintiff also notes that none of the cases Defendant cites are on point, because they deal with objective facts that cannot be disputed—none involves a court's decision to take judicial notice of a party's inferences. (Id. at 2.)

## IV. Legal Standards

Federal Rule of Evidence 201(b) allows courts to take judicial notice of facts that are "not subject to reasonable dispute," as they are either "generally known within the territorial jurisdiction of the trial court," or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

The Third Circuit has warned that "taking judicial notice should be done sparingly at the pleadings stage. Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." Sturgeon v. Pharmerica Corp., 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (Rufe, J.) (quoting Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3d Cir. 2007)) (internal quotation marks omitted). Still, courts do routinely take judicial notice of matters of public record on a motion to dismiss, such as documents filed with the court. See id. Publicly available records from prior judicial proceedings may be noticed "to show what was in the public realm at the time, not whether the contents of those documents are true." Id. (quoting U.S. ex rel. Spay v. CVS

Caremark Corp., 913 F. Supp. 2d 125, 139–40 (E.D. Pa. 2012) (Buckwalter, J.)) (internal quotation marks omitted).

Taking such judicial notice is permissible only to show the court's document's existence. See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd., 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion."). To the extent that a party "asks for judicial notice of facts gleaned from these documents," courts have declined to do so. See, e.g., Spay, 913 F. Supp. 2d at 140; see also id. at 141 (declining to make findings of fact based on judicially noticed documents).

### V.  Analysis

The Court will deny Defendant's Motion to Take Judicial Notice. Defendant's request exceeds the scope of R. 201(b), for the reasons stated in Plaintiff's opposition and the case law discussed above. Defendant requests more than simply taking notice that the Information against him *exists*; he wants the Court to take notice that the Information *reveals* Plaintiff had knowledge of his alleged conduct such that the statute of limitations for the instant claims has run. That line of argument exceeds the boundaries of R. 201(b), especially given the Third Circuit's cautionary approach to granting these kinds of motions.

### VI.  Conclusion

For the foregoing reasons, Defendant's Motion to Take Judicial Notice is **DENIED**. An appropriate Order follows.

**DATED: 6/9/2021**   **BY THE COURT:**

/s/ MICHAEL M. BAYLSON

_____

**Michael M. Baylson, U.S.D.J.**