# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETEY COMPANY**<br><br>v.<br><br>**JAMES D. FALKOWSKI et al** | **CIVIL ACTION**<br><br>**NO. 15-6737** |

### MEMORANDUM RE: MOTION TO DISMISS

Baylson, J.                                                                                                                                July 2, 2021

## I.    INTRODUCTION

Defendants Domain Miami LLC and Michelle Steinberg have moved to dismiss the First Amended RICO Complaint, arguing that the claims are barred by the applicable statutes of limitations. Plaintiff responded in opposition and Defendants replied. For the reasons below, the Court will deny the motion.

## II.    FACTUAL BACKGROUND

This is a civil case that arises from a prior criminal conviction of James Falkowski and Eric Waraftig. Defendant Michelle Steinberg is Mr. Waraftig's wife and the owner of two companies: Defendant Domain Miami, and The Steinberg Group ("TSG.") Falkowski and Waraftig were convicted of conspiracy and wire fraud orchestrated against Mr. Falkowski's former employer, QVC. (First Am. Compl., ECF 27). In March 2019, this Court granted Plaintiff's Motion to Substitute Travelers Casualty and Surety Company for QVC as Plaintiff in this case. (Order, ECF 33.)

### III. RELEVANT PROCEDURAL HISTORY

The First Amended Complaint (FAC) was filed, with leave of this Court, on January 4, 2019. In moving for leave to file the FAC, Plaintiff QVC alleged it obtained additional information to support civil claims against Mr. Waraftig and Ms. Steinberg for their roles in the fraud perpetrated against QVC. (Mot. for Leave to Amend/Correct Compl. at 2, ECF 20). The FAC added Defendants Waraftig, Steinberg, and Domain Miami. The factual allegations are mainly the same, except for a change in the damages Plaintiff claims. The FAC brings the following claims against Defendants Steinberg, Waraftig, and Domain Miami:

- **Count II:** Fraud (against Waraftig and Steinberg)
- **Count III:** Fraud (against Waraftig, Steinberg, and Domain Miami)
- **Count V:** Aiding & Abetting Breach of Fiduciary Duty (against Waraftig, Steinberg, and Domain Miami)
- **Count VII:** Racketeer Influenced and Corrupt Organizations Act (RICO) (against Steinberg and Domain Miami)
- **Count IX:** Civil Conspiracy (against Waraftig, Steinberg, and Domain Miami)

### IV. LEGAL STANDARDS

The Third Circuit "permit[s] a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir. 2002)) (internal quotation marks omitted). But, "if the bar is not apparent on the face of the complaint, then it may not afford

the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. (quoting Robinson, 313 F.3d at 134–35) (internal quotation marks omitted).

The statute of limitations may be tolled under the "discovery rule." Schmidt, 770 F.3d at 251. This rule "is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." Id. In this Circuit, the point at which a complaining party should be deemed aware of the injury is "best determined by . . . jurors." Id. A judge can only make this determination as a matter of law "where the facts are so clear that reasonable minds *cannot differ*." Id.

## V. **DISCUSSION**

The parties do not dispute that the following statutes of limitation apply to Plaintiff's claims: fraud (2 years), aiding and abetting (2 years), RICO (4 years), and civil conspiracy (which adopts the limitations period of the underlying tort). They dispute when Plaintiff should have reasonably known about any injury allegedly caused by Waraftig, Steinberg, or Domain Miami's conduct.

### a. Parties' Arguments

Defendants argue that the original Complaint (ECF 1), read in tandem with the First Amended Complaint (ECF 27), shows that Plaintiff must have known about Eric Waraftig, Michelle Steinberg, and Domain Miami's involvement in the fraud before filing the original Complaint against Falkowski and The Steinberg Group in December 2015. (Mot. to Dismiss 3–5, ECF 78-1; Mot. to Dismiss 7–8, ECF 79.) Defendants argue that the critical dates for the statutes of limitations are 2010—when Plaintiff knew the identities of Waraftig and Domain, and two years

3

after it knew Steinberg; or at the very latest 2014—when it became suspicious of TSG's invoices. (ECF 78-1 at 4; ECF 79 at 8.)[1]

Defendants add that relation back to the filing date of the original Complaint does not save the FAC because, barring mistakes of designation, Pennsylvania does not allow new parties to be added after the statutes of limitation have run. (ECF 78-1 at 8–9; ECF 79 at 15–17.) Defendants also argue for equitable considerations, stating that Mr. Waraftig would not have pled guilty had his wife been named as a Defendant in this case, and that Plaintiff's tactical withholding and addition of her name should not be permitted. (ECF 78-1 at 9–11; ECF 79 at 19–21.)

Plaintiff responds that Defendants cannot demonstrate based on the face of the Complaint that the claims are time-barred, and that the question of what a reasonable Plaintiff should have known about the alleged injury is for a jury to decide. (Resps. in Opp'n at 1, 9, ECF 82 & 83.)[2] Plaintiff adds that the claims against Defendants did not accrue until August 21, 2017, when the government issued its indictment against Mr. Waraftig, and Plaintiff filed the action within two years of this date. (Id.) Plaintiff also says that Ms. Steinberg and Mr. Waraftig ignore the fact that they concealed her involvement in the scheme during an audit by Baker Tilly, and that the limitations period can also be tolled due to this fraudulent concealment. (Id. at 10–13, ECF Nos. 82 & 83.)

Defendants reply in support of dismissal arguing that Plaintiff's fraudulent concealment argument is not supported by any dates regarding the audit, what was learned during the audit, or

---

[1] Defendant Waraftig's Motion also argues that Plaintiff knew of Defendants before filing its original complaint, as evidenced in the information filed in the criminal matter against Waraftig. (Mot. to Dismiss 9–11, ECF 79). The Court rejected this argument in denying Waraftig's Motion to Take Judicial Notice. (ECF 92.)

[2] Plaintiff responded to Defendants' Motions to Dismiss separately, but the substance of the responses is this same. (See ECF Nos. 82 & 83).

what Ms. Steinberg or Domain Miami did to actively hide information from Plaintiff. (Reply in Supp. 8, ECF 84.) Defendant Waraftig argues that Plaintiff only raised fraudulent concealment as to Ms. Steinberg and her companies. (Reply in Supp. 5, ECF 85.) This contention is inaccurate, as Plaintiff's Opposition to Waraftig's Motion to Dismiss does discuss his alleged fraudulent concealment. (Resp. in Opp'n at 11–13, ECF 83.) Otherwise, all Defendants reiterate their arguments that the latest possible critical date for accrual of the claims against them is February 2014, and that therefore, the FAC, filed in January 2019, should be dismissed as to Defendants Steinberg and Domain Miami. (Reply in Supp. at 3–7, 10 ECF Nos, 84 & 85.)

   b. **Analysis**

The Court begins by studying the face of the Complaint. See Schmidt, 770 F.3d at 250–51. In the FAC, Plaintiff alleges that in February 2014, TSG requested payment from QVC, and when QVC looked into the expenses, it became "concerned that Falkowski's activity during his employment with QVC and Falkowski's relationship with TSG may have led to inappropriate charges any payments to Falkowski and TSG by QVC." (First Am. Compl. 4, ¶ 19–20.) The FAC does not allege any dates at which Plaintiff knew that Mr. Waraftig, Ms. Steinberg, or Domain Miami specifically were involved with these suspicious billing practices. In fact, the FAC notes that "Waraftig and Steinberg sought to keep their side partnership with Falkowski secret from the outset, including during a QVC outside audit conducted after Falkowski's termination." (Id. at 9, ¶ 60.) The FAC further lists the following dates as important points in Falkowski's and Waraftig's criminal prosecution: (1) Waraftig pled guilty in October 2017 and was in custody on August 24, 2018; and (2) Falkowski pled guilty in March 2018 and was in custody on July 10, 2018. (Id. at 10 ¶¶ 63–6.) Thus, on the face of the FAC, there are no dates contained in the Complaint showing

that the claims against Waraftig, Steinberg, and Domain Miami are time-barred. See Schmidt, 770 F.3d at 250–51.

There is nothing on the face of the FAC showing that Plaintiff have "pleaded [itself] out of court." Id. at 252. Contrary to Defendants' arguments, the fact that allegations in the original Complaint are materially similar to the allegations in the FAC does not warrant dismissal of the relevant claims as time-barred. Just because Plaintiff was aware in 2015 that it had been defrauded does not mean it was aware of which individuals were involved, or what their fraudulent conduct was. As a matter of law, the Court cannot say that no reasonable minds would differ in thinking that Plaintiff should have reasonably known of Waraftig, Steinberg, and Domain Miami's involvement, especially considering the release of the criminal indictments in the middle of this civil litigation. See Schmidt, 770 F.3d at 252 (declining to dismiss claims as time-barred when "nothing in [Plaintiff's] complaint clearly suggests that he did in fact have knowledge of the full scope of his injury prior to [the relevant date.]").

The Court also notes that Defendants made similar arguments in opposing Plaintiff's Motion to Amend the Complaint, which the Court rejected at that time. (See ECF Nos. 24, 26.)

## VI. CONCLUSION

For these reasons, the Court will **DENY** Defendants' Motions to Dismiss the First Amended Complaint (ECF 78 & 79).

O:\CIVIL 15\15-6737 QVC v Falkowski\15cv6737 Memo Re MTD.docx

6